WR-82,450-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/30/2015 2:50:45 PM
Accepted 7/30/2015 4:47:47 PM
ABEL ACOSTA
CLERK

**WR-82,450-01**

| | | | |
|---|---|---|---|
| *EX PARTE* | § | IN THE COURT | RECEIVED |
| | § | | COURT OF CRIMINAL APPEALS |
| **DAVID CLIFFORD PEDDER, Jr.** | § | OF | 7/30/2015 |
| | | | ABEL ACOSTA, CLERK |
| | § | | |
| | § | CRIMINAL APPEALS | |

IN THE COURT OF CRIMINAL APPEALS

**OBJECTION TO THE DISTRICT COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW**

TO THE HONORABLE JUDGES OF SAID COURT:

This application concerns a conviction from the 128th District Court, Orange County, Texas. The Cause Number was: A100640-R. The Trial Judge was the Honorable Courtney Arkeen. Applicant was represented at trial by Bruce Smith (SBOT: 18543300). Judgment was entered on May 18, 2012 whereby Applicant was convicted of Aggravated Sexual Assault and sentenced to forty (40) years.

Applicant previously filed a *pro se* writ application to this Court, the Cause Number was No. WR-82,450-01. On January 14, 2015, the Court of Criminal Appeals, entered an order regarding evidence gathering. Applicant filed an Amended Writ on April 10, 2015. At the Court's direction and in accordance with the Rules, Applicant filed his Memorandum in Support of the Writ and accompanying affidavits and exhibits along with a proposed Findings of Fact and Conclusions of Law.

The State chose not to file any affidavits from witnesses and filed her proposed Findings of Fact and Conclusions of Law on July 9, 2015, two days after the deadline set by the District Court. Within twenty-four hours, the District Court filed Findings of Fact and Conclusions of Law that adopted – nearly verbatim - the State's proposal. The District Court failed to address three of the four issues raised by the Applicant and provided conclusory assertions unhinged from the facts of the case and contrary to clearly established State and Federal law. Resultantly, Applicant files these objections to the District Court's Findings and asks this Court to exercise its broad power as ultimate fact finder in habeas proceedings to reach a different result than the District Court.

I. **The District Court's Findings of Fact and Conclusions of Law do not comport with the record, the evidence submitted as part of the writ, and disregard clearly established State and Federal law.**

In *Ex Parte Reed*, the Court of Criminal Appeals made clear that it remains the ultimate factfinder in writ jurisprudence.[1] When the Court's independent review of the record reveals that the trial judge's findings and conclusions are not supported by the record or the law, the Court may

---

[1] *Ex Parte Reed*, 271 S.W.3d 698, 727 (Tex.Crim. App. 2008).

exercise independent authority and make alternative findings and conclusions.[2] This case necessitates that independent judgment.

The District Court chose not to have any hearings on this matter and simply asked the parties to submit affidavits.[3] As such, the Court could not observe the demeanor of the witnesses nor discern their credibility in person. No deference should be given, then, to the Court's assessment of witness credibility.

Trial counsel, whose performance was the subject of two of Applicant's issues, submitted a two page affidavit that failed to adequately address the issues queried by the Court, much less the numerous shortcomings raised by the Writ itself. The State chose not to submit any affidavits or evidence to the Court, nor to refute or undermine the evidence and affidavits submitted by the Applicant.

## 1. Objection to finding counsel's performance did not fall below an objectively reasonable standard.

In finding of fact number 18 and conclusion of law number 2, the Trial Court concludes that Bruce Smith's representation of David Pedder at trial did not fall below an objective standard of reasonableness. This conclusion is not supported by the record. Bruce Smith failed to adequately

---

[2] *Id.*

[3] COPY OF SCHEDULING ORDER, Ex. 1. It is worth noting that the District Court only requested proposed findings of fact and conclusions of law from the State.

investigate the case, failed to file outcry witness and 404(b) motions, allowed reams of inadmissible evidence go to the jury without objection, failed to give an opening statement, fumbled his attempt to put on the defense he thought was crucial to the case, performed little or no cross examination of important State witnesses, and failed to call numerous available witnesses to support his case. The Court, though, makes the sweeping conclusion that "Trial Counsel articulated plausible and credible reasons for his performance in this case" without even addressing his failings beyond his decision not to call additional witnesses.

The Trial Court makes the conclusory remark that "Trial Counsel did investigate and receive evidence from the State prior to the beginning of trial" but fails to indicate what that investigation was. Of course, the Court cannot support that conclusion with facts because there are no facts in the record to support it. Smith could not recall whether he even looked at the State's file and the witnesses all indicate that he never spoke with them in the years leading up to trial.

And, Bruce Smith's self-serving affidavit further illustrates the distance between the Court's conclusions and reality. For example, he indicates he "drove by" the shop where the alleged assault occurred, but he

never went in.[4] He drafted motions he never filed and did not actually file any motions at all. In a first-degree felony trial, his performance amounts to no counsel at all. He was merely a tour-guide to the Texas Department of Corrections.

### 2. Objection to finding that not interviewing or calling critical witnesses was strategic

The Court concludes, in finding of fact 13, that counsel elected "as a trial strategy" not to call additional witnesses other than Don Freeman. The record completely fails to present a strategic rationale for trial counsel not interviewing relevant witnesses. It was counsel's failure to investigate and interview relevant witnesses that resulted in him not calling additional exculpatory witnesses – not some well thought out trial strategy.

The Court and the State both indicate that "trial counsel felt that the witnesses he did call were most impressive and best witnesses to call" and infer that additional witnesses would have been cumulative. First, the affidavit of trial counsel does not address why he did not interview the witnesses who submitted affidavits as part of the Writ. Secondly, though, the only witnesses he did call were Don Freeman – who was there based on a subpoena from the State – and the Applicant. The fact is, trial counsel never

---

[4] Baker's Transmission is blocks from the courthouse and anyone driving from I-10 to the courthouse would pass Baker's.

5

interviewed any of the sixteen other witnesses who submitted affidavits on behalf of the applicant. And he first met with his purported key witness, Don Freeman, the first day of trial.[5] He provided no strategic reason for failing to interview witnesses, much less calling them.[6]

More particularly, Bruce Smith indicates: "Mr. Freeman in my option [sic] was so convincing in what he was able to testify to that we made the decision that it would not be necessary to take a chance and call other witnesses who would simply be repetitive and redundant and would not be as impressive to the jury as Mr. Freeman."[7] While Applicant strenuously disagrees that could be a logical trial strategy, it is the logical result of a completely inept investigation. To repackage this omission, years later, as a strategic decision is the height of revisionist history. The plain fact is that Smith did not interview or investigate these witnesses and was in no position to assess whether their testimony would have been cumulative or valuable.

The State and the District Court latch on to the notion of avoiding cumulative witness testimony as a strategic decision too. Yet, the State clearly does not believe that an effective strategy because it called a host of witnesses to repeat the hearsay of the complainant's story. And Bruce Smith

---

[5] *See* Exhibits H-L, N-W, AA-CC of Memorandum in Support of Writ.
[6] *See* Exhibit H (Bruce Smith Affidavit) of Memorandum in Support of Writ.
[7] *See* Exhibit H (Bruce Smith Affidavit) of Memorandum in Support of Writ.

failed to object to it on numerous occasions.  In fact, the State did not even get to the complainant's testimony on the first day of trial because it called so many witnesses to bolster its case.

### 3. Objection to finding that the outcome of the case would not have been different had counsel performed adequately

The Court found, in finding number 20 and conclusion number 4, that Applicant failed to establish that the outcome of the proceeding would have been different but for counsel's performance.  This is obviously the only conclusion the Court could reach after finding counsel's performance was adequate.  However, it is likewise an unfounded and conclusory finding.  Any neutral observer, having reviewed the exhibits and affidavits submitted by the Applicant would reach the contrary position.

Had Bruce Smith interviewed the witnesses who prepared affidavits he could have decided who among them to call at trial.  It simply defies logic that calling someone other than the business owner (who has a built in bias) would have hurt him in front of the jury or seemed cumulative.  Is it really the District Court's conclusion that calling the Sherriff as a witness would have been cumulative and redundant?  Or a woman?  Or someone who did not really even know the applicant and would seem particularly unbiased?  Put differently, if the Court or the District Attorney were charged

with a first degree felony, would the representation Bruce Smith provided David Pedder be acceptable for them?

Moreover, the language used by the Court indicates a misunderstanding of the law. The Fifth Circuit has concluded that reasonable probability of a different verdict need not be proved by a preponderance of the evidence, but rather can be shown by undermining confidence in the outcome.[8] In other words, it need not even be proof that it is more likely than not the outcome would have been different. The Court – in one of its very few deviations from the State's proposed findings of fact and conclusions of law – seems to acknowledge the prejudice by conceding: "Trial Counsel's performance can be criticized in light of the result." Given the extremely limited representation provided by Bruce Smith and the overwhelming evidence of impossibility submitted to the Court by the applicant, confidence in the outcome of this case must be curtailed.

### 4. Objection to finding regarding the alarm code

The Court found that testimony was presented that Applicant did not know the alarm code. But, the trial record indicates that the "alarm code" at Baker's Transmission was never mentioned before the jury despite the

---

[8] *See Williams v. Cain*, 125 F.3d 269, 279 (5th Cir. 1997). *See also* Applicant's Memorandum in Support of Writ, 9-10.

State's suggestion and the Court's adoption that it was.[9]  This is important, because Bruce Smith's inept investigation did not include a visit to the store or pictures of the scene.  As such, he had no way of knowing there was an alarm at all.  In the Court's rush to maintain its conviction, it clearly did not actually review the record and simply adopted verbatim the proposal of the State.

## II.  The District Court's Findings of Fact and Conclusions of Law neglect to address three of the four issues raised by the Applicant's Writ

The District Court did not address Applicant's *Strickland* claim for ineffective assistance at the punishment phase of trial.  The District Court did not address or make finding on Applicant's Brady claim, even in passing, and made no recommendation on that claim.  The District Court did not address applicant's Actual Innocence claim.  Each of these claims has real merit and they were not considered at all in the Court's findings.

## III. Conclusion

The District Court's Findings of Fact and Conclusions of Law tracked the language of the State's proposal and were contrary to the record and clearly established state and federal law.  The District Court brought no scrutiny to bear in a case where a citizen received inadequate representation

---

[9] Trial Court's FFCL # 14.

of counsel and received a forty year prison sentence as a direct result. Additionally, the District Court neglected to address viable issues raised by the Writ that deserve examination given the numerous problems with this trial.

**PRAYER**

Based on the foregoing, Applicant asks this Court to conduct an independent review of the record, exercise its independent authority, and make alternative findings and conclusions in support of a new trial for David Pedder.

Respectfully submitted,

THE GERTZ LAW FIRM
2630 Liberty St.
Beaumont, Texas 77702
Tel: (409) 833-6400
Fax: (409) 833-6401


/s/     *Ryan W. Gertz*
By:_____
Ryan W. Gertz
State Bar No. 24048489
Attorney for David Pedder, Jr.